UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

                Plaintiff,

v.

COHEN BROTHERS REALTY CORP.; CHARLES
COHEN, individually; and STEVEN CHERNIAK,
individually,

                Defendants.
-----------------------------------------------------------------

**CONSENT JUDGMENT**

Civil Action No. 24-02000(VSB)

1.     Plaintiff, JULIE A. SU, the Acting Secretary of Labor ("Plaintiff"), has filed its Complaint and Defendants COHEN BROTHERS REALTY CORP., CHARLES COHEN, and STEVEN CHERNIAK ("Defendants") appeared by Counsel, waived their answer, and agree to the entry of this Consent Judgment without contest.

2.     Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (the "Act" or the "FLSA") and that the provisions of the Act apply to Defendants.

3.     Defendants agree that Defendant Charles Cohen regulated the employment of all persons employed by him and is thus an employer within the meaning of section 3(d) of the Act.

4.     Defendants agree that Defendant Steven Cherniak regulated the employment of all persons employed by him and is thus an employer within the meaning of section 3(d) of the Act.

5.     Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be

required as a result of this Order.

6. Defendants acknowledge and admit that they violated certain provisions of the Act. Specifically, Defendants acknowledge and admit that between workweek ending October 5, 2019 and workweek ending October 29, 2022, the employees listed in the attached Exhibit A at times during the aforementioned period worked in excess of 40 hours per week without receiving additional premium pay for overtime hours.

7. Defendants further acknowledge and admit that between workweek ending October 5, 2019 and workweek ending October 29, 2022, they did not make, keep and preserve all records of wages, hours, and other conditions and practices of employment maintained by them as required by sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

8. By executing this Consent Judgment, Defendants waive formal service of process of the summons and complaint. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, and acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment. This Consent Judgment hereby resolves all remaining claims in this matter.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor

Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("the Act"), in any of the following manners:

(1) Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

(3) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

   a. Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

   b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by

      Defendants or another employer with whom there is a business relationship; or

  c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Upon the parties agreement that unpaid overtime back wages are owed and shall be paid to the employees listed in Exhibit A in the amount of **$41,000.00**, plus an equal additional amount of liquidated damages of **$41,000.00**, post-judgment interest in the amount of $309.92, and Civil Money Penalties in the amount of **$8,000.00** plus post-judgment interest in the amount of **$60.00**, for a total amount of **$90,369.92**, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$41,000.00** in unpaid overtime back wages due Defendants' current and former employees listed in Exhibit A. Further, Defendants shall pay a total of **$41,000.00** in liquidated damages, plus **$309.92** in post-judgment interest due Defendants' employees listed in Exhibit A, and **$8,000.00** in Civil Money Penalties plus $60.00 in post-judgment interest to the Plaintiff. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III. The provisions of this Consent Judgment relative to back wage payments, liquidated damages, post-judgment interest, and Civil Money Penalties shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below and on the attached Exhibit B. Payment of the monies owed shall be made beginning with a down payment of **$30,000.00** made on or about **March 15, 2024**. The remaining balance of **$60,369.92** shall be made in two monthly installment payments according to Exhibit B. All payments shall be paid by

Defendants by credit card, debit card, or bank account transfer by going to www.pay.gov and completing the following steps:

A. For electronic payment of the back wages, liquidated damages, and post-judgment interest totaling **$82,309.92**, Defendants shall follow the following instructions:

1. Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

2. Click on the "Continue to the Form" tab under **"WHD Back Wage Payment Form – Northeast Region"**.

3. Click on "Continue the Form" and complete the required fields. For "BW Case Number" enter **"1969303"**. The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

B. For electronic payment of the Civil Money Penalties and post-judgment interest in the amount of **$8,060.00**, Defendants shall follow the following instructions:

1. Go to www.pay.gov and click on the "Find an Agency" tab, then click on the letter "L" and then click on "Labor (DOL): Wage and Hour Division (WHD)."

2. Scroll down and click on the "Continue to the Form" tab under **"WHD Civil Money Payment Form – Northeast Region"**.

3. Click on "Continue the Form" and complete the required fields. For "CMP Case Number" enter **"1969303"**. The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

IV. The Secretary shall distribute Defendants' payments for back wages, liquidated damages, and post-judgment interest less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any sums not distributed within a period

of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

V.    Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require, or accept any of the back wages, liquidated damages, interest, or Civil Money Penalties from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person listed in Exhibit A because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph V may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VI.   Defendants shall assist the Plaintiff in the distribution of the back wages, liquidated damages, and interest due by providing the last known addresses and social security numbers, if such is available, of the current and former employees listed in Exhibit A.

VII.  In the event that Defendants fail to make any of the payments as set forth in Paragraph III of this Consent Judgment within fifteen (15) calendar days of its due date, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending remaining balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary, Defendants agree to furnish a complete and accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and

the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

VIII. ORDERED that Defendants shall distribute a copy of the attached Exhibit C to each employee listed in Exhibit A within 20 calendar days of the date of entry of this Consent Judgment.

IX. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after October 29, 2022.

X. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XI. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: _____May 24_____, 2024
NEW YORK, NY

SO ORDERED:

_____
HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Defendants appeared by the undersigned counsel and waived their answer and any defense to the Complaint, and consent to the entry of this Judgment.

BY: _____
COHEN BROTHERS REALTY CORP.
By: CHARLES COHEN, Chief Executive Officer

_____
CHARLES COHEN, Individually

_____
STEVEN CHERNIAK, Individually

_____
JERROLD GOLDBERG, ESQ.
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212-801-9209
Email: goldbergj@gtlaw.com

Attorney for Defendants

STATE OF NEW YORK    )
                     :SS:
COUNTY OF NEW YORK   )

On the 13th day of March 2024 before me came **CHARLES COHEN**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **COHEN BROTHERS REALTY CORP.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_____
NOTARY PUBLIC

ROSEMARY CAROPOLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6196208
Qualified in Richmond County
My Commission Expires 11-10-2024

STATE OF NEW YORK    )
                     :SS:
COUNTY OF NEW YORK   )

On the 13th day of March 2024 before me came **CHARLES COHEN**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ROSEMARY CAROPOLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6196208
Qualified in Richmond County
My Commission Expires 11-10-2024

STATE OF NEW YORK            )
                             :SS:
COUNTY OF NEW YORK  )

On the __13__ day of March 2024 before me came **STEVEN CHERNIAK**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ROSEMARY CAROPOLO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6196208
Qualified in Richmond County
My Commission Expires 11-10-2024

**EXHIBIT A**

## EXHIBIT A

| Name | Back Wages Due | Liquidated Damages Due | Interest Due | Total Due |
|---|---|---|---|---|
| Berniczky, Stephan | $ 3,249.70 | $ 3,249.70 | $ 13.02 | $ 6,512.42 |
| Blake, David | $ 3,305.25 | $ 3,305.25 | $ 13.25 | $ 6,623.75 |
| Fernandes, Aparicio | $ 4,295.91 | $ 4,295.91 | $ 17.19 | $ 8,609.01 |
| Iuruc, Mihail | $ 7,221.56 | $ 7,221.56 | $ 28.93 | $14,472.05 |
| Palade, Roland-Vasille | $ 9,710.26 | $ 9,710.26 | $ 96.62 | $19,517.14 |
| Sirbu, Viorel | $ 13,217.32 | $13,217.32 | $ 140.91 | $26,575.55 |
| | | | | |
| Totals Due | $ 41,000.00 | $41,000.00 | $ 309.92 | $82,309.92 |

**EXHIBIT B**

## EXHIBIT B

| Date Due | Amount Type | Principal Due | Interest Due | Total Due |
|---|---|---|---|---|
| 3/15/2024 | Liquidated Damages | $ 30,000.00 | $ - | $30,000.00 |
| 4/15/2024 | Liquidated Damages | $ 11,000.00 | | $11,000.00 |
| 4/15/2024 | Back Wages | $ 19,000.00 | $ 165.26 | $19,165.26 |
| 5/15/2024 | Back Wages | $ 22,000.00 | $ 144.66 | $22,144.66 |
| 5/15/2024 | Civil Money Penalties | $ 8,000.00 | $ 60.00 | $ 8,060.00 |
| | **TOTALS** | **$ 90,000.00** | **$ 369.92** | **$90,369.92** |

**EXHIBIT C**

## EXHIBIT C

### Notice to Employees

Cohen Brothers Realty Corp., Charles Cohen, and Steven Cherniak (together, "Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement regarding certain employees employed as personal drivers. The settlement agreement has been approved by a judge.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages and liquidated damages for certain current and former employees who worked for them as personal drivers between October 2019 and October 2022, and the Department of Labor will distribute the back wages and liquidated damages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Defendants or any person acting on their behalf to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (866) 487-9243. Your name will be kept confidential to the maximum extent permitted by law.